IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM HASSAN MILHOUSE,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-12-01040** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **RONNIE HOLT,** | : | |
| | : | |
| **Respondent** | : | |

## M E M O R A N D U M

Petitioner Kareem Hassan Milhouse, an inmate currently confined at the United States Penitentiary at Hazelton ("USP-Hazelton") in Bruceton Mills, West Virginia, initiated the captioned action *pro se* by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 1, 2012. (Doc. 1.) In his petition, Petitioner challenges his continued placement in the Special Management Unit ("SMU") at the United States Penitentiary at Allenwood ("USP-Allenwood") in White Deer, Pennsylvania. For the reasons set forth below, the petition will be dismissed.

## I.    Background

In his petition, Petitioner complains that the Bureau of Prisons ("BOP") is violating his constitutional rights by directing his continued participation in the SMU program at USP-Allenwood. (Doc. 1.) As relief, he seeks a court order directing the BOP to transfer him to general population in another BOP facility. (*Id*.)

After the court directed service of the petition, (Doc. 9), Respondents filed an answer on July 25, 2012, (Doc. 11). In their response, Respondents assert that on

February 22, 2012, Petitioner was transferred from the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg") to USP-Allenwood after he successfully completed phases 1 & 2 of the SMU program at USP-Lewisburg. (Doc. 11 at 1.) USP-Allenwood contains units dedicated to phases 3 & 4 of the SMU program, where inmates have more interaction with other inmates and increased privileges. (*Id*.) As of the date of Respondents' answer, Petitioner was scheduled to complete phase 4 of the SMU program on August 1, 2012. (*Id*. at 2.) Further, a review of the BOP's Inmate Locator database indicates that Petitioner has been transferred from USP-Allenwood and is now located at USP-Hazleton. *See* www.bop.gov.

## II.   <u>Discussion</u>

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

In contrast, where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." *See Green v. Bledsoe*, Civ. No. 4:10-CV-0059, 2010 WL 1372409, at *1 (M.D. Pa. Apr. 5, 2010) (quoting *Suggs v. Bureau of Prisons*, Civ. No. 08-3613, 2008 WL 2966740, at *4 (D.

N.J. July 31, 2008)).  Rather, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542.  Where a federal inmate is challenging the conditions of his confinement, the filing of a *Bivens*[1] action under 28 U.S.C. § 1331, the federal counterpart to a § 1983 action, is appropriate.

In the instant case, Petitioner's challenges to his continued placement in the SMU are not challenges to the fact or duration of his confinement.  He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully.  Rather, Petitioner is complaining that his placement and continued confinement in the SMU at USP-Allenwood violate his constitutional rights.  This placement, however, does not affect the length of his sentence.  Further, a decision in his favor would not alter his sentence or undo his conviction.  Therefore, his claims are not properly asserted in a habeas petition brought under 28 U.S.C. § 2241, but rather could be pursued through the filing of a *Bivens* action.  *See Bedenfield v. Lewisburg*, No. 10-1750, 2010 WL 3511507, at *1 (3d Cir. Sept. 9, 2010) ("Bedenfield's challenge to his placement in the SMU is analogous to the 'garden variety prison transfer' that we have indicated should be challenged in a civil rights action, not via a habeas petition"); *Green*, 2010 WL 1372409, at *2 (dismissing

---

[1]  *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

3

petitioner's § 2241 habeas petition challenging SMU placement as not cognizable under § 2241); *Woodruff v. Williamson*, Civ. No. 3:06-CV-2310, 2009 WL 703200, at *5 (M.D. Pa. Mar. 12, 2009) (same).  Accordingly, the claims in the instant petition are not appropriate under a § 2241 petition and will be dismissed.[2]

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated:  August 31, 2012.

---

[2]  The court also notes that as the petition challenges Petitioner's continued detention in the SMU program and requests relief in the form of a transfer to general population in another BOP facility, and Petitioner has, in fact, completed the SMU program and has been transferred to another BOP facility, it appears that this case no longer presents a case or controversy under Article III, § 2 of the United States Constitution.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**KAREEM HASSAN MILHOUSE,**          :
                                     :
      **Petitioner**          :          **CIVIL NO. 1:CV-12-01040**
                                     :
  **v.**          :          **(Judge Rambo)**
                                     :
**RONNIE HOLT,**          :
                                     :
      **Respondent**          :

## O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY**

**ORDERED THAT:**

    1) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.

    2) The motion for a preliminary injunction (Doc. 10) is **DENIED**.

    3) The Clerk of Court is directed to **CLOSE** this case.


                                  s/Sylvia H. Rambo
                                United States District Judge

Dated:  August 31, 2012.